UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br><br>EDWARD EDWARDS,<br><br>    Defendant. | 2:06-cr-00055 LDG-(RJJ)<br><br>REPORT & RECOMMENDATION<br>OF UNITED STATES<br>MAGISTRATE JUDGE<br>Defendant's Motion to Dismiss Indictment<br>for Post-Indictment Delay (#13) |

This matter came before the Court on Defendant Edward Edwards' Motion to Dismiss (#13). The Court has considered the Motion (#13), and the Government's Opposition (#15), in addition to the evidence presented at the hearing.

## BACKGROUND

On February 16, 2006, a grand jury indictment was returned against the defendant, Edward Edwards, charging him with one count of felon in possession of a firearm and two counts of felon in possession of ammunition, violations of 18 U.S.C. § 922(g) and § 924(a)(2). The defendant has resided at the same residence listed on the arrest report since 1984. On February 6, 2007, Edwards was arrested pursuant to Operation Slam Dunk, a district wide round-up of individuals wanted on outstanding warrants. Edwards has filed the current Motion to Dismiss the Indictment based on an alleged violation of his right to a speedy trial.

## DISCUSSION

**I. SPEEDY TRIAL**

"The Sixth Amendment guarantees that, 'in all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . .'" Doggett v. U.S., 505 U.S. 647, 651 (1992). In

1   MacDonald, the Supreme Court rationalized that the Speedy Trial guarantee is designed to
2   minimize the possibility of lengthy incarceration prior to trial.  U.S. v. MacDonald, 456 U.S. 1, 9
3   (1982).  Here, the defendant had a formal indictment filed against him, thereby activating the
4   Speedy Trial Act.       The breadth of the Speedy Trial Act has been narrowed to take into
5   consideration (1) whether delay before trial was uncommonly long, (2) whether the government
6   or the criminal defendant is more to blame for that delay, (3) whether the defendant asserted his
7   right to a speedy trial, and (4) whether he suffered prejudice as a result of the delay.  Doggett v.
8   U.S., 505 U.S. 647, 651 (1992), citing Barker v. Wingo, 407 U.S. 514, 530 (1972).  In order "to
9   trigger a speedy trial analysis, an accused must allege that the interval between accusation and
10  trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay . . . ."
11  505 U.S. at 652, citing Barker, 407 U.S. at 530-31.  If this showing has been made, the court
12  must consider "the extent to which the delay stretches beyond the bare minimum needed to
13  trigger judicial examination of the claim."  505 U.S. at 652.  Once the defendant "show[s] that
14  the period between indictment and trial passes a threshold point of 'presumptively
15  prejudicial[,]'" generally delays approaching one year, then the Court will "proceed to the other
16  Barker factors."  U.S. v. Gregory, 322 F.3d 1157, 1161 (9th Cir. 2003).

17          ***Length of the Delay***
18          In this case, the delay between the indictment and trial has been over one year, in fact, one
19  year and 2 months to date, and the trial has not yet occurred.  Since a period approaching one
20  year is "presumptively prejudicial," this Court must apply the Barker factors and do a balancing
21  to determine if in fact Edwards' Constitutional rights have been violated.  However, it should be
22  noted that the Ninth Circuit has found a delay of 22 months was "not excessively long" and did
23  "not weigh heavily" in the defendant's favor.  Gregory, 322 F.3d at 1162.  In this case, although
24  the delay is presumptively prejudicial it is not excessively long and therefore does not weigh
25  heavily in Edwards' favor.  However, "none of the four factors identified . . . [are] either a
26  necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.
27  Rather, they are related factors and must be considered together with such other circumstances as
28  may be relevant."  Barker, 407 U.S. at 533.

***Blame for the Delay***

Here, the government is the sole blame for the delay. The government presented no evidence that they tried to locate Edwards at any time from the issuance of the indictment on February 16, 2006, until his arrest on February 7, 2007. "[N]egligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice." Doggett, 505 U.S. at 657. Negligence "should be weighed less heavily, but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant." McNeely v. Blanas, 336 F.3d 822, 827 (9th Cir.2003), quoting Barker, 407 U.S. at 531. After all, it is "the prosecution [that] bears the burden of explaining pretrial delays." 336 F3d at 827. Here, it was negligence on the part of the government that caused the delay. The government had the defendant's address at all times and did not attempt to locate and arrest him. Therefore, this factor weighs against the government, although the defendant has not shown that the delay was intentional or that particularized trial prejudice exists.

***Assertion of Right to a Speedy Trial***

The defendant asserted his right to a speedy trial on March 28, 2007.

***Prejudice Resulting from Delay***

The Supreme Court has emphasized three particular forms of prejudice that may be suffered by the defendant (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) the possibility that the defense will be impaired. Barker, 407 U.S. at 532. The defendant contends that because the delay in this case is over one year, there is presumptive prejudice and he does not need to show actual prejudice. However, the prejudice suffered by the defendant is a major factor to be considered by this Court when balancing the Barker factors.

The defendant has not demonstrated particular prejudice. Although witnesses' memories may fade, the defendant is safeguarded from suffering this prejudice by the statute of limitations. U.S. v. Doe, 149 F.3d 945, 948 (9th Cir. 1998). Further, "[g]eneralized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." U.S. v. Manning, 56 F.3d 1188, 1194 (9th Cir. 1995). The defendant was not incarcerated during the period of

delay and presumably was unaware of the charges pending against him. Therefore, the defendant did not suffer oppressive pretrial incarceration, nor did he have anxiety or concern regarding the charges against him.  Further, the defendant has not shown any particularized showing that his defense will be impaired.  Therefore, the defendant has not suffered prejudice as a result of the delay.

## CONCLUSION

Since the delay in this case was not substantial and the delay was caused by mere negligence on the part of the government, the balancing tips in favor of trial.  Further, the defendant has not shown any prejudice as a result of the delay.  Taking all of the factors into consideration, the defendant's right to a speedy trial has not been violated.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Defendant's Motion to Dismiss Indictment for Post-Indictment Delay (#13) be **DENIED**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before April 30, 2007**.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of April, 2007.

ROBERT J. JOHNSTON
United States Magistrate Judge